IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES F. LUDDON,<br><br>    Petitioner,<br><br>  v.<br><br>B. CURRY, Warden, B.P.H. COMMISSIONERS,<br><br>    Respondents.<br>_____ | No. C 08-0275 MMC (PR)<br><br>**ORDER GRANTING MOTION TO VACATE ORDER OF DISMISSAL: DIRECTING CLERK TO REOPEN ACTION; ORDERING RESPONDENT TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED**<br><br>**(Docket No. 6)** |

On January 16, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Together with his petition, petitioner filed an application to proceed in forma pauperis ("IFP"). After reviewing the IFP application and the trust account statement and Certificate of Funds in Prisoner's Account submitted by petitioner in support of said application, the Court determined petitioner was able to pay the $5.00 filing fee in this matter. Consequently, the Court, by order filed September 29, 2008, directed petitioner, within thirty days, to pay the $5.00 filing fee by submitting such payment to the Clerk of the Court. Petitioner was informed that his failure to do so would result in the dismissal of this action without prejudice. When more than thirty days had passed and petitioner had not paid the $5.00 filing fee or otherwise responded to the Court's order, the

Court, by order filed November 4, 2009, dismissed the action without prejudice.

Subsequently, petitioner filed a motion asking the Court to vacate its order of dismissal because petitioner had timely asked the prison trust account office to forward the filing fee to the Court. Thereafter, on December 23, 2008, petitioner paid the filing fee. Good cause appearing, the Court will grant petitioner's motion to vacate the order of dismissal and will direct the Clerk to reopen the instant action.

## BACKGROUND

In 1986, in the Superior Court of Contra Costa County, petitioner was found guilty of first degree murder. He was sentenced to a term of twenty-six years to life in state prison. On April 19, 2004, the Board, at petitioner's initial parole consideration hearing, found petitioner unsuitable for parole. On September 19, 2007, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Board's decision.

## DISCUSSION

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B. Petitioner's Claims

Petitioner claims the denial of parole violated his federal constitutional right to due process because it was based on the Board's reliance on a no-parole policy and the nature of the commitment offense, and not on evidence that petitioner's release would pose an

unreasonable risk to public safety.  Liberally construed, petitioner's claims are cognizable.

As the proper respondent herein is the custodian of the facility where petitioner is confined, the Court will order respondent B. Curry, the Warden at the Correctional Training Facility at Soledad, to respond to the petition, and will dismiss the "B.P.H. Commissioners" as respondents from this action.  See Rules Governing Section 2254 Cases, Rule 2.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's motion to vacate the Court's prior order of dismissal is hereby GRANTED.  (Docket No. 6.)  The Clerk is hereby directed to REOPEN the instant action.

2. The "B.P.H. Commissioners" are hereby DISMISSED as respondents from this action.

3. The Clerk shall serve by certified mail a copy of this order and the petition, along with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

4. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

5. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or

3

statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

7. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 6.

IT IS SO ORDERED.

DATED: June 16, 2009

_____
MAXINE M. CHESNEY
United States District Judge