IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES F. LUDDON, | No. C 08-0275 MMC (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY** |
| vs. | **(Docket No. 9)** |
| B. CURRY, Warden, | |
| Respondent. | |

On January 16, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course and has filed a motion to dismiss the petition, on the ground that the petition is barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). Petitioner has not filed an opposition, although he was informed in two court orders of his right to do so.

## BACKGROUND

In 1986, in the Superior Court of Contra Costa County ("Superior Court"), petitioner was convicted of first degree murder and conspiracy to commit murder. He was sentenced to a term of twenty-six years to life in state prison. On April 19, 2004, the Board found

petitioner unsuitable for parole.  (Mot. Dismiss Ex. 1.)

On March 12, 2005, petitioner mailed to the Superior Court a habeas petition challenging the Board's decision.  (Id.)  On April 26, 2005, the Superior Court's order denying the petition was filed.  (Mot. Dismiss Ex. 2.)

On December 22, 2005, petitioner mailed to the California Court of Appeal a habeas petition challenging the Board's decision.  (Mot. Dismiss Ex. 3.)  On January 5, 2006, the Court of Appeal's order denying the petition was filed.  (Mot. Dismiss Ex. 4.)

On May 6, 2007, petitioner mailed to the California Supreme Court a habeas petition challenging the Board's decision.  (Mot. Dismiss Ex. 5.)  On September 19, 2007, the California Supreme Court's order denying the petition was filed.  (Mot. Dismiss Ex. 6.)

On January 6, 2008, petitioner delivered the instant petition to prison officials for mailing.  (See Pet. & attached proof of service).  The petition was filed in this court on January 16, 2008.  (Id.)[1]

Petitioner claims the denial of parole violated his federal constitutional right to due process because the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence and was the result of the Board's biased "no parole" policy.

**DISCUSSION**

A.   Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of:

---

[1] For purposes of the instant motion, respondent has assumed that the proofs of service attached to petitioner's state and federal filings evidence the effective date of filing under the mailbox rule.  (See Mot. Dismiss at 3:8-14 & n.1 (citing Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (holding, under AEDPA, prisoner's habeas petition deemed filed on date of delivery to prison officials for mailing, including habeas petitions filed in state court), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).)

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a state court, "even if the petition challenges a pertinent administrative decision rather than a state court judgment." See Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). Such administrative decisions include decisions denying parole. See Redd v. McGrath, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (assuming, without deciding, one-year statute of limitations applies to decision denying parole). Further, of the four possible starting dates for the one-year limitations period set forth at 28 U.S.C. § 2244(d)(1), the date set forth under sub-paragraph D is the date applicable to a petition challenging a decision denying parole. See id. at 1082.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period begins to run one day after the date the petitioner could have discovered the "factual predicate" of his federal habeas corpus claim. See id.[2] "[T]he date of the 'factual predicate' . . . . is determined independently of the exhaustion requirement by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence." Id. The petitioner learns of the factual basis of that claim at the time the decision becomes final. See id. at 1079 (holding limitations period began to run when Board of Prison Terms denied

---

[2]The one-year period is calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure, the general rule for computing time in federal courts. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under Rule 6, the day of the event that triggers the time period is excluded from the computation, while the last day of the time period is included. Fed. R. Civ. P. 6(a)(1).

3

1 prisoner's administrative appeal challenging decision denying parole).  Here, the

2 administrative decision at issue, the Board's April 19, 2004 denial of parole suitability,

3 became final when issued, because there are no provisions for further administrative review.

4 See id. at 1079, 1084.  Consequently, the one-year limitations period began to run the next

5 day, on April 20, 2004, and the presumptive filing date for petitioner's federal habeas

6 petition was one year later, April 20, 2005.  As the instant petition was not delivered to

7 prison officials for mailing until January 6, 2008, the petition, absent statutory or equitable

8 tolling,[3] is untimely.

9 B.    Statutory Tolling

10 The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

11 which a properly filed application for State post-conviction or other collateral review with

12 respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); see Redd,

13 343 F.3d at 1084 (holding prisoner challenging administrative decision receives statutory

14 tolling for period during which state habeas petition pending).  The statute of limitations is

15 not tolled, however, during the time between the date on which the relevant final decision

16 under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first state collateral

17 challenge is filed.  Nino v. Galaza , 183 F.3d 1003, 1006 (9th Cir. 1999).  Thus, in the instant

18 case, the statute began to run on April 20, 2004, the day after the Board's decision became

19 final, and continued to run for 326 days, until petitioner mailed his petition to the Superior

20 Court on March 12, 2005.

21 Ordinarily, the one-year limitations period is tolled under § 2244(d)(2) from the time a

22 California prisoner files his first state habeas petition until the California Supreme Court

23 rejects his final collateral challenge.  Carey v. Saffold, 536 U.S. 214, 219-20 (2006).

24 Consequently, in the instant case, the limitations period would be tolled continuously from

25 March 12, 2005, until September 19, 2007.  Respondent argues, however, that petitioner is

---

[3]The Court does not consider herein the issue of equitable tolling.  Petitioner does not argue in his petition that he is entitled to equitable tolling, and no grounds for such tolling are apparent from the record that has been developed in this matter.

1 not entitled to such continuous tolling of the limitations period because petitioner
2 unreasonably delayed in filing his state habeas petitions in the Court of Appeal and the
3 California Supreme Court. In Evans v. Chavis, 546 U.S. 189 (2006), the United States
4 Supreme Court clarified that "only a *timely* appeal" tolls the one-year statute of limitations,
5 and "in California, 'unreasonable' delays are not timely." Id. at 197 (emphasis in original).[4]
6 Where there is no clear indication from the state court as to whether a petition was timely
7 under California law, the federal court must itself examine the delay and determine whether
8 the petition was filed within what California would consider a reasonable period of time. Id.
9 at 197-98. Even when a California state habeas petition is denied "on the merits," the federal
10 court must determine whether the petition was timely, if the issue of timeliness was not
11 expressly addressed by the state court. Id.

12 Here, respondent argues that petitioner is not entitled to statutory tolling for the 250
13 days that elapsed between the denial of his petition by the Superior Court on April 16, 2005,
14 and the mailing of petitioner's petition to the Court of Appeal on December 22, 2005, and for
15 the 486 days that elapsed between the denial of his petition by the Court of Appeal on
16 January 5, 2006, and the mailing of his petition to the California Supreme Court on May 6,
17 2007.

18 Both the Court of Appeal and the California Supreme Court summarily denied
19 petitioner's habeas petitions, without expressly addressing the issue of timeliness. Under
20 such circumstances, this Court must apply Chavis and determine whether the petitions were
21 filed within what California would consider a reasonable period of time. See id. at 197 ("If
22 the appearance of the words 'on the merits' [in a California state court decision denying
23 habeas relief] does not automatically warrant a holding that the filing was timely, the absence
24 of those words could not automatically warrant a holding that the filing was timely.")

---

[4]In so doing, Evans reiterated the holding of Carey v. Saffold, 536 U.S. 214 (2002), that the requirement that an appeal be filed without unreasonable delay applies, by analogy, to the filing of petitions for appellate review under California's collateral review process, wherein a state prisoner may seek review of an adverse lower court decision by filing an original petition rather than a notice of appeal. Id. at 192-93.

5

In <u>Chavis</u>, there was an unexplained six-month delay between the denial of the petitioner's state habeas petition in the California Court of Appeal and the filing of his subsequent petition in the California Supreme Court. <u>Chavis</u> found the delay unreasonable, holding as follows:

> Six months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable. Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in <u>Saffold</u>.

<u>Id.</u> at 201 (internal quotations and citations omitted).

<u>Chavis</u> thus made clear that, in California, an unjustified delay of six months, or 180 days, is presumptively unreasonable. Here, as noted, the length of delay between the Superior Court's denial and petitioner's filing in the Court of Appeal was 240 days, i.e., over eight months, and the length of delay between the Court of Appeal's denial and petitioner's filing in the California Supreme Court was 486 days, i.e., one year and four months. Consequently, the Court finds that, absent justification, California would consider such delays unreasonable. In the instant petition, petitioner has offered no justification for the delays, and none is apparent from the record. Accordingly, petitioner is not entitled to statutory tolling for the 736 days of unreasonable delay.

Further, petitioner is not entitled to statutory tolling for the 109 days that elapsed between the denial of his petition by the California Supreme Court on September 19, 2007, and the effective filing date of the instant petition on January 6, 2008.

In sum, by the time petitioner filed his federal habeas petition, the following periods of time had run against the statute of limitations: (1) 326 days before the filing of petitioner's Superior Court petition on March 12, 2005; (2) 240 days between the Superior Court's April 26, 2005, decision, and the filing of the petition in the Court of Appeal on December 22, 2005; (3) 486 days between the Court of Appeal's January 5, 2006, decision and the filing of the petition in the California Supreme Court on May 6, 2007; and (4) 109

days between the California Supreme Court's decision, and the filing of the instant petition on January 6, 2008. In total, 1161 days elapsed from the date on which the Board's decision to deny parole became final and the date on which petitioner filed the instant federal habeas petition. As this number of days exceeds the one-year limitations period, respondent's motion to dismiss the petition as untimely will be granted.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket No. 9.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 21, 2010

_____
MAXINE M. CHESNEY
United States District Judge